SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

July 20, 2016

**STATE MAIL – N443**
Demaris H. Walker
SBI # 318389
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:  ***State of Delaware v. Demaris H. Walker***
***Def. Id# 0203014277***

Dear Mr. Walker:

This is my decision on your third Motion for Postconviction Relief.  You were convicted by a jury on three counts of Rape in the Second Degree and one count each of Burglary in the First Degree, Attempted Robbery in the First Degree, Theft of a Senior, and Conspiracy in the Second Degree in February 2003.  The charges arose out of your rape of an elderly woman on March 10, 2002.  Ruby Wilson was home alone and getting ready for bed when she heard a knock on her door.  Wilson opened her front door slightly, where she saw your co-defendant, Carlton Harding, standing in front of her door, and you standing in front of her neighbor's door.  You violently pushed Wilson's door open, which caused her to fall to the floor.  You and Harding then entered Wilson's apartment.  You grabbed Wilson off of the floor and dragged her into the bedroom, while Harding searched her apartment for money.  You then

instructed Harding to hold Wilson's legs apart while you raped her three times. The first time with your fingers, then with a water bottle, and finally with a metal shaving cream can. After the rapes, Wilson managed to push the emergency call button on her walker. Upon seeing this, you and Harding fled in Wilson's car. Harding eventually returned to Wilson's apartment to collect evidence that the two of you had left behind. It was at this point that Harding confessed to the crimes. I sentenced you to 84 years at Supervision Level V, suspended after serving 55 years at Supervision Level V for probation. The Delaware Supreme Court upheld your convictions in an Order dated December 18, 2003.[1] You filed your first Motion for Postconviction Relief on January 24, 2006. I denied it on December 20, 2006.[2] The Supreme Court affirmed my denial of your first Motion for Postconviction Relief.[3] You filed your second Motion for Postconviction Relief on September 23, 2011. I denied it on April 23, 2012.[4] The Supreme Court affirmed my denial of your second Motion for Postconviction Relief on September 27, 2012.[5]

---

[1] *Demaris Walker v. State of Delaware*, 840 A.2d 642, 2003 WL 22998847 (Del. Dec. 18, 2003) (Table).

[2] 2006 WL 3851228 (Del. Super. Dec. 20, 2006).

[3] 935 A.2d 256, 2007 WL 2744920 (Del. Sept. 20, 2007).

[4] 2012 WL 2337316 (Del. Super. April 23, 2012).

[5] 54 A.3d 257 (Del. 2012)(Table).

You allege in your third Motion for Postconviction Relief (1) that your enhanced sentence violates the Eighth Amendment to the United States Constitution because you were seventeen at the time you committed the criminal acts, and (2) your trial counsel failed to request the proper jury instruction on accomplice credibility. Your motion is controlled by the version of Rule 61 in effect at the time your Rule 61 petition was filed.[6] Rule 61(d)(2) states that a "second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid." You have not alleged the existence of new evidence nor have you pled with particularity a claim that a new rule of constitutional law would retroactively apply to your case.[7]

In *Miller v. Alabama,* the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the

---

[6] *See Collins v. State*, 2015 WL 4717524, at *1 (Del. Aug. 6, 2015).

[7] *Miller v. Alabama,* 132 S. Ct. 2455, 2469 (2012) .

possibility of parole for juvenile offenders.[8]   This case does not help you because you were not sentenced to life without the possibility of parole.   Your jury instruction argument is based on *Bland v. State*.[9]   In this case, the Delaware Supreme Court stated that the trial judge must tell the jury to, in part, view an accomplice's testimony with suspicion and great caution.   Your trial counsel certainly gave the jury a number of reasons to view Harding's testimony with suspicion and great caution.   Your trial counsel got Harding to admit on cross-examination that he lied on more than ten different occasions.   Harding admitted he lied to Officer Glasco the first time he spoke with him at Wilson's apartment.   Harding admitted that he lied when he told Officer Glasco he was visiting a friend.   Harding admitted that he lied when he told Officer Glasco that he saw two black males getting into Wilson's car.   Harding admitted that he lied when he told Officer Glasco he recognized Wilson's car since he was from the area.   Harding admitted he lied to Officer Glasco when he told him not only was Stephen Wilz with him that evening, but that Stephen Wilz was the person who raped Wilson.    Your trial counsel also got Harding to state "I don't know" or "I don't recall" several times when questioned.   There was a jury instruction on credibility.   While this may not have been the jury instruction you wanted, it did

---

[8] *Id.*

[9] 263 A.2d 286 (Del. 1970).

tell the jury how to assess Harding's credibility. Once again, you had many opportunities to raise your complaint about the jury instruction, but did not do so. Harding's testimony was not the only evidence of your participation in the criminal acts. The fact that Wilson's car keys were found in your bedroom was damning evidence of your participation in the criminal acts. Wilson told the police that one of the assailants wore white gloves. You had access to white gloves belonging to your mother, which she could not find after the crimes. This further indicated your involvement in the criminal acts.

Your motion is summarily dismissed under Rule 61(d)(2). I have concluded that, given your failure to meet the requirements of Rule 61(d)(2), there is also no need to appoint counsel for you.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:   Prothonotary
       Counsel